IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL W. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-501-GMS |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

**I.   INTRODUCTION**

The plaintiff Kendall W. Hamilton ("Hamilton") filed this action on June 27, 2016 complaining that the defendants "stole" his home using fraudulent, illegal, rescinded/voided and unconsummated "note and mortgage" which were originated fraudulently in Delaware. (D.I. 2 at 4.) Before the court are Hamilton's motion for immediate ruling and a motion to expedite. (D.I. 7, 10.)

**II.   BACKGROUND**

Hamilton resides at 143 N. Katrin Circle, New Castle, Delaware ("the premises"). In his motion for immediate ruling, Hamilton indicates that an order was entered in the Superior Court of the State of Delaware for Hamilton to vacate the premises before August 2, 2016. He asks that his case in Superior Court be moved to this court to suspend the Superior Court's ruling to vacate the premises. (D.I. 7.)

Exhibits attached to the motion indicate the following. On June 30, 2016, the Superior Court of the State of Delaware entered a rule absolute order for a writ of possession on Hamilton

and for NCRC Housing Rehab Fund, LLC, its successors and/or assigns, to have peaceable possession of the premises, *U.S. Bank, National Association v. Hamilton*, C.A. No. N11L-05-209 ALR. On July 1, 2016, U.S. Bank, National Association sought issuance of a writ of possession to the sheriff of New Castle County, Delaware to serve a writ of possession upon Hamilton at the premises in New Castle, Delaware. The writ of possession issued on July 12, 2016. On July 14, 2016, Hamilton received a notice of eviction to vacate the premises by August 2, 2016 at 10:00 a.m. Also attached to the motion were two receipts for payments, one dated June 10, 2016, and one dated July 15, 2016, made to Revitalizing American P. The receipts state they are for "donation - as agreed" for the premises.

## III. DISCUSSION

The relief sought by Hamilton is barred by the *Younger* abstention doctrine and, in the alternative, the *Rooker-Feldman* Doctrine. In addition, the Anti-Injunction Act weighs against granting the motion.

### A. Younger Abstention

To the extent there are pending State proceedings, the court must abstain. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[1] *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[2] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,

---

[1] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

[2] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex*

2

457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[3] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The *Younger* elements have been are met and none of the its exceptions apply. First, there are on-going state proceedings for the foreclosure of real property. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, Hamilton has an adequate opportunity to raise any potential fraud claims in state court.

---

*County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[3]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

Accordingly, pursuant to *Younger* and its progeny the court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15(1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

### B. Rooker-Feldman Doctrine

To the extent there are no longer on-going actions in State court, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over Hamilton's motions, which seek to vacate the findings of the Delaware courts. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine bars the plaintiff's claim because the relief he seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). In his motion, Hamilton asks the court to "suspend" the Superior Court's order. In essence, he asks this court determine the ruling was in error and to grant relief by suspending the order. The court does not have the power to grant his request.

### C. Anti-Injunction Act

Further, the Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a

4

state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

### D.    Removal

Finally, Hamilton seems to indicate that he wishes to remove the State court action to this court. However, he has failed to comply with the requisites for removal. In his initial filing, he did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding other.[4] *See* 28 U.S.C. § 1446(a). Nor does it seem that he served copies of his initial filing upon any parties if his intent was to remove a State case. On the other hand, it may be that Hamilton intended to file a new complaint in this court. It simply is not clear.

Therefore, Hamilton will be ordered to advise the court if his intent is for this case to proceed as the removal of *U.S. Bank, National Association v. Hamilton*, C.A. No. N11L-05-209 ALR (if is remains pending), or to proceed as a new complaint raising new claims in this court.[5]

### IV.   CONCLUSION

For the above reasons, the court will deny the motion for immediately ruling and motion

---

[4]Some of these documents were filed at Docket Item 7.

[5]The court notes that it may be that this court does not have subject matter jurisdiction over the plaintiffs' action under the *Rooker-Feldman* doctrine. However, at this juncture, the court is unable to make that determination.

to expedite. (D.I. 7, 10.) The plaintiff will be ordered to advise the court how he wishes to proceed with this case. A separate order shall issue.

                                                                                                                                       UNITED STATES DISTRICT JUDGE

July 29, 2016
Wilmington, Delaware