IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL W. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-501-GMS |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Kendall W. Hamilton ("Hamilton"), filed this lawsuit complaining that the defendants "stole" his home using fraudulent, illegal, rescinded/voided and unconsummated "note and mortgage" which were originated fraudulently in Delaware. (D.I. 2 at 4.) Hamilton asked the court to suspend a ruling made by the Superior Court of the State of Delaware for Hamilton to vacate his residence following foreclosure proceedings. (*See* D.I. 7.) On Friday, July 29, 2016, the court denied Hamilton's motion for immediate ruling and a motion to expedite by reason of the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and the Anti-Injunction Act. (D.I. 11.) Today, August 1, 2016 Hamilton filed a motion to review immediately and requests a stay of the case pending in the State court, *U.S. Bank, National Association v. Hamilton*, C.A. No. N11L-05-209 ALR. In essence, Hamilton seeks reconsideration of the July 29, 2016 memorandum and order.

The standard for obtaining relief under Rule 59(e) is difficult for Hamilton to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Nothing has changed since the court entered its order last Friday, July 29, 2016. Moreover, Hamilton has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's July 29, 2016 memorandum and order denying his motions for immediate relief. Therefore, the court will deny the motion for reconsideration. (D.I. 13.)

UNITED STATES DISTRICT JUDGE

August 1, 2016
Wilmington, Delaware

2